# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT ELLIOTT DAVIS. aka BRYANT DAVIDSON, Plaintiff | * * | |
| v | * | Civil Action No. RDB-16-922 |
| WARDEN, et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by Defendants State of Maryland Department of Public Safety and Correctional Services ("DPSCS"), Warden Richard Graham, Jr., Sgt. Gerald Lane, and Major Shalawnda Suggs.[1] ECF 9. Plaintiff, through counsel, has responded. ECF 19.

Plaintiff's Complaint and Court-directed Supplement were filed pro se. ECF 1 & 3. In his opposition to the dispositive motion, counsel clarifies that Plaintiff is only pursuing his claim against Captain Suggs and Sergeant Lane in their individual capacities regarding the alleged forgery of the employee worksheet. ECF 19-1, p. 5. As such, Plaintiff's allegations regarding inadequate pre-release planning as well as his allegations regarding his assignment to a non-wheelchair accessible facility, will not be recounted. Moreover, his complaint as to DPSCS and Warden Graham shall be DISMISSED.

Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be construed as a Motion to Dismiss and will be GRANTED.

---

[1] The Clerk shall amend the docket to reflect the correct and full names of Defendants.

## Background

The case was instituted upon receipt of correspondence filed by Plaintiff Bryant Elliott Davis, a former Maryland state inmate. ECF 1. By way of his Court-directed, self-represented Supplemental Complaint, Plaintiff indicates that correctional employees Gerald Lane and Shalawnda Suggs conspired to falsify records which resulted in Plaintiff's conviction of perjury and related offenses. ECF 3.

Plaintiff indicates that on January 23, 2011, he was incarcerated at the Jessup Correctional Institution (JCI) under Case Number 13-K-0209, serving a 12 year term of confinement for first degree assault and possession of a firearm. ECF 3, p. 4. On that date, the victim in his case, Taryn Young, who is the mother of Plaintiff's son, brought their son to visit Plaintiff. *Id.* While in the visiting room at JCI, Young signed an affidavit recanting the testimony she offered during Plaintiff's trial, which Plaintiff indicates was the basis for his conviction. *Id.*, p. 5. JCI forbids the passing of materials between an inmate and visitor, so Plaintiff sought authorization from the visiting room supervisor, Sgt. Gerald Lane, to receive the material. Lane reviewed the affidavit and provided Plaintiff a pen so that Young could sign the affidavit. *Id.* Lane witnessed Young sign the affidavit and Lane subsequently signed an affidavit of his own stating he witnessed Young sign the affidavit. *Id.*

Plaintiff filed a Petition for Writ of Actual Innocence in the Circuit Court for Howard County and attached both Young and Lane's affidavits. *Id.* On the day of the hearing, Young denied having signed the affidavit. *Id.* Although Sgt. Lane had been subpoenaed for the hearing, he did not appear. The Honorable Louis A. Becker, III, Circuit Court for Howard County, denied the Petition for Writ of Actual Innocence based on Young's testimony and also found that

2

Plaintiff "perpetrated a fraud on the court." *Id.* Judge Becker also requested that JCI look into Plaintiff's claims that Lane witnessed Young sign the affidavit. ECF 3-1, p. 4.

In response to that inquiry, Captain Shalawnda Suggs investigated the incident. At the conclusion of her investigation she wrote a memo to Warden John Wolfe stating that Lane advised her that "during the date indicated on the document that he was not assigned to the Visiting Room." *Id.* Suggs also indicated that she had reviewed the Post Assignment Worksheet and found that Lane was assigned to the Vehicle Sally Port while Officer Mollie Johnson was assigned as the Visiting Room Officer in Charge on January 23, 2011. *Id.* Suggs concluded that "the document submitted by inmate Bryant Davidson [was] fraudulent." *Id.*

Months after the hearing on the Petition for Writ of Actual Innocence, the State's Attorney for Howard County charged Plaintiff with fraud, perjury and forgery, alleging that both affidavits had been forged by Plaintiff. In support of the charges, the State's Attorney alleged that Sgt. Lane was not working in the visiting room on January 23, 2011. *Id.*

In preparation for Plaintiff's trial, his assigned public defender reviewed the "employee assignment sheet" for JCI for January 23, 2011, which showed that Officer Mollie Johnson was the supervisor in the visiting room on that date. *Id.*, pp. 5-6. Plaintiff's attorney also showed him a statement from Sgt. Lane denying he witnessed Young sign the affidavit because he was not working in the visiting room on that date. Lane agreed that the signature appeared to be his on the affidavit but denied knowledge of how it got there. *Id.*, p. 6. Plaintiff's defense attorney advised him that he could not win his case, and Plaintiff entered into a plea agreement. *Id.*

Subsequently, Plaintiff filed a Petition for Post-Conviction Relief as to the perjury and forgery convictions, alleging ineffective assistance of counsel and a *Brady* violation for failing to

3

disclose that the employee assignment worksheet was forged. *Id.*, p. 6. Plaintiff's post-conviction counsel subpoenaed the records from JCI, including the employee assignment worksheet, and the record showed that Lane was in fact the supervisor of the visiting room on January 23, 2011. *Id.* Plaintiff alleges that it was demonstrated that the original employee assignment worksheet provided to his defense attorney did not come from JCI's record department but rather was created and forged by Suggs, a friend of Lane. *Id.* Plaintiff was granted post-conviction relief and a new trial was ordered. *Id.*, p. 7. At this time, Plaintiff had served the remainder of his sentence on the First Degree Assault and Illegal Possession charges but was still on parole for the perjury conviction. ECF 19-1, p. 3. Plaintiff pleaded guilty to count 1 "Perjury: Witness in Court" and was sentenced to 779 days e.g. time served, and taken off of parole. ECF 3-1, p. 8; ECF 9-8, Ex. 7, p. 3. Plaintiff states that as a result of Lane and Suggs' actions he was forced to serve two and a half years incarceration. ECF 3-1, p. 8.

Plaintiff states that he is pursuing a civil rights violation pursuant to 42 U.S.C. § 1983. He alleges that it was cruel and unusual punishment for Suggs to forge the employee worksheet and for Lane to deliberately conspire with Suggs to forge the worksheet. *Id.*, p. 8

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

"In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486-87; *see also Edwards v. Balisok,* 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

"A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell,* 273 Fed. Appx. 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Here, Plaintiff's allegations that Suggs and Lane forged the assignment worksheet, if true, would call into question the validity of Plaintiff's perjury conviction.

In a case such as this "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge

the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *see also Griffin v. Baltimore Police Dept.,* 804 F. 3d 692, 695 (4th Cir. 2015) (recognizing "favorable termination requirement" in cases where *Heck* applies).

Plaintiff has failed to demonstrate a "favorable termination" of his underlying conviction. While Plaintiff was successful in having his initial perjury and forgery convictions vacated via state post-conviction proceedings when the convictions were vacated and a new trial ordered; he nevertheless pleaded guilty that same date to one count of perjury and was sentenced to time served. Plaintiff's plea to the perjury count is fatal to his § 1983 claim. Plaintiff remains convicted of perjury relative to the affidavits of Young and Lane and as such he has failed to demonstrate a favorable determination of his underlying conviction which would clear the way for the instant civil rights case. *See Stein v. County of Westchester, N.Y.,* 410 F. Supp. 2d 175, 179 (S.D.N.Y. 2006)(holding that plea deal on retrial where plaintiff agrees to plead guilty to lesser included charge and is resentenced to time served after determination that exculpatory evidence had been withheld cannot be considered favorable outcome under *Heck*); *DiBlasio v. City of New York,* 102 F.3d 654, 658 (2d Cir. 1996) ("Although in some instances a habeas court may terminate a criminal proceeding in the defendant's favor, the reversal of a conviction and remand for a new trial does not constitute such a termination.")

To the extent Plaintiff's complaint could be construed as raising state law claims, the Court would decline to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3).[2]

**Conclusion**

---

[2] Having found Plaintiff's claim barred, the Court need not address Defendants' qualified immunity defense.

For the aforementioned reasons, Plaintiff's Complaint against DPSCS and Warden Richard Graham, Jr., is DISMISSED. Defendants Sgt. Gerald Lane and Major Shalawnda Sugg's Motion, construed as a Motion to Dismiss, shall be GRANTED. A separate Order follows.

JANUARY 30, 2017
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE